[Crim. No. 1007. First Appellate District, Division One.—February 21, 1922.]

THE PEOPLE, Respondent, v. RINALDO BIANCHI et al., Appellants.

[1] CRIMINAL LAW — FALSE PRETENSES — INDICTMENT — EVIDENCE— CHARACTER OF REPRESENTATIONS.—In this prosecution for conspiring to cheat and defraud by false pretenses, there was no variance between the allegations of the indictment and the proofs upon the trial, the question asked defendants by the manager of the defrauded bank if the dissolution of the partnership between defendants "would" make any difference in the affairs of the firm (as shown by a statement of a previous date), and their response that there "would be" no change, having referred to past or existing facts and not to future promises.

[2] ID.—IMPRESSION INTENDED—PROVINCE OF JURY.—In such a prosecution it is for the jury to determine what impression the words used by defendants were intended to convey.

[3] ID.—VENUE—PROOF.—In such a prosecution the venue is sufficiently established where, although no formal proof is presented upon that subject, it fully appears throughout the evidence that the entire transaction was had in the jurisdiction in which the defendant is being prosecuted.

[4] ID. — IDENTITY OF DEFRAUDED BANK — CORPORATE CHARACTER — EVIDENCE.—In such a prosecution, if there is no dispute upon the question of the identity of the bank defrauded, the substantial rights of the defendants are not affected by a failure to establish the corporate character of such bank by direct proof.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

John L. McVey and James A. Devoto for Appellants.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, and Henry Ach for Respondent.

TYLER, P. J.—Defendants were charged with conspiring and confederating together unlawfully for the purpose of cheating and defrauding by false pretenses. The indictment was in two counts. The jury rendered a verdict of guilty

as to both counts and against both defendants. This is an appeal from the judgment and the order denying their motion for a new trial.

The first count charges the defendants with having conspired together to cheat and defraud the Bank of Italy, a corporation, of a certain promissory note in the principal sum of six thousand (6,000) dollars, signed by Bianchi Shoe Company, a corporation.

The second count charges the same defendants with having conspired to cheat and defraud said bank out of property owned by it, consisting of a certain claim and debt against defendant Del Prete.

It appears from the evidence that in the early part of the year 1918 defendant Bianchi was conducting a small shoe store on Eighteenth Street, San Francisco. About this time he entered into a partnership with defendant Del Prete, who was his brother-in-law, for the purpose of conducting the business of wholesaling boots, shoes, and leather findings, under the partnership name of R. Bianchi & Company. Their place of business was in the Montgomery Block, San Francisco. Their capital amounted to a sum less than ten thousand (10,000) dollars. In addition thereto, each defendant owned a small parcel of mortgaged land. Through the years 1918 and 1919 their business was conducted on a conservative scale, each partner withdrawing therefrom about thirty dollars per week. During this time they had become indebted to the Bank of Italy in the sum of six thousand (6,000) dollars, and in connection therewith had presented to the bank on December 19, 1919, a statement of their assets and liabilities. This statement showed their total liquid assets to be $61,145.61, the net assets $54,191.61, and current liabilities $6,850. Beginning with the year 1920, and at the time it is claimed defendants agreed upon a plan to loot their business and defraud their creditors, their conduct in relation to the conservative management of the business underwent a change. Commencing with January, up to the thirteenth day of February, each partner withdrew three thousand (3,000) dollars from the business. They then caused to be filed a notice of sale of defendant Del Prete's interest therein to Bianchi, and such sale was noticed to take place on February 14, 1920. On this date the two defendants went to the Bank of Italy and there interviewed its

vice-president and credit manager for the purpose of securing a release of their joint note in favor of the bank in the sum stated, and substituting in place thereof a new note of Bianchi alone. They were asked for a statement of their affairs, and in response thereto presented a written statement dated December 19, 1919, which statement purported to be a continuing one. They represented that they had entered into the dissolution agreement of partnership above referred to, and when asked by the credit manager if this business arrangement would make any material change in the assets of the business, they replied that it would not and that the business affairs were practically the same as shown by the statement. They further represented that defendant Del Prete would not become a creditor of the business as the consideration he was receiving was derived from real estate holdings of Bianchi. These representations were made by each of the defendants, and the bank, through its manager, believing and relying thereon, released the obligation as requested. The evidence shows that the statement presented by defendants was false and did not contain the true financial condition of the affairs of the partnership. In addition to the liability stated therein, the firm owed Del Prete's brother $1,990, being the balance due on a loan of $2,500. This sum had been paid by the firm's check on January 5, 1920. Contrary to the representations, the statement also made no mention of the fact that the partners had drawn over $6,000 from the firm's assets since the date of the statement, or that an automobile listed among the assets as being worth $1,400, had been transferred to defendant Del Prete. It also appears that contrary to the representations that the dissolution of partnership would make no change in the business, that Del Prete had received $6,500 in cash from Bianchi, and a note for the sum of $3,500 secured by a mortgage. It further appeared that after the pretended dissolution defendant Del Prete moved into Bianchi's old store on Eighteenth Street, where he proceeded to carry on a retail business, and that in May, 1920, when the Bianchi Shoe Company went into bankruptcy, he had in his possession over $20,000 worth of stock obtained from the Bianchi Shoe Company, which he claimed to have paid cash for. Other evidence indicates a deliberate plan on the part of defendants to misrepresent the condition

of their business and its assets. It appears therefrom that they secured credit from certain shoe manufacturers on financial statements corresponding with the one presented to the credit manager of the Bank of Italy. The Bianchi Shoe Company went into bankruptcy in May, 1920, and the Bianchi note which was substituted for the joint note of the two defendants was never paid, and this prosecution followed.

[1] As ground for reversal it is first claimed that the allegations of the indictment and the proofs upon the trial do not correspond. In this connection appellants claim that the alleged false representations as proved are not representations of past or existing facts, but rather of future promises, and being such, that they cannot form the basis of a prosecution for fraudulent misrepresentations. This contention is based upon the form of expression used by the manager of the bank in ascertaining whether the dissolution of the partnership would make any change in the business. Defendants were asked if such change *would* make any difference in the affairs of the firm, and in response thereto the manager of the bank was told by defendants that there *"would be"* no change. The use of these words in no manner indicates futurity. It was but a mode of expressing the then present condition of the affairs of their business. The expression used was the most common one that could be employed for that purpose. [2] It was for the jury to determine what impression the words used by defendants were intended to convey. (19 Cyc. 446.)

[3] It is next claimed that no venue was established. While no formal proof was presented upon this subject it fully appears throughout the evidence that the entire transaction was had in San Francisco, California. The head teller in the note department testified that the Bank of Italy was on Montgomery Street, San Francisco. There is therefore no force in this objection. [4] Complaint is also made that no proof was had of the corporate character of the bank. This was a mere incidental matter. There was no dispute upon the question of the identity of the person defrauded, and failure to establish this fact by direct proof did not affect the substantial rights of either of the defendants. Further complaint is made that the trial court erred in refusing a proposed instruction defining false

pretenses and one distinguishing false pretenses from mere expressions of opinion. The jury was fully and properly instructed upon this subject. No further questions are raised. There is no merit in the appeal.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 23, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 20, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.,* was not acting.